# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DAVID DYDZAK, | Case No.: 2:22-cv-01008-APG-VCF |
| Plaintiff | **Order Granting Motions to Dismiss** |
| v. | [ECF Nos. 5, 14, 16, 22, 25] |
| TANI CANTIL-SAKAUYE, et al., | |
| Defendants | |

Daniel Dydzak sues numerous defendants for various claims arising out of or related to his disbarment as a California attorney and the subsequent lawsuits he has pursued in California state and federal courts. The California state and federal courts have entered vexatious litigant orders barring him from bringing such lawsuits in California or federal courts without pre-filing authorization. Dydzak filed this action in Nevada state court. ECF No. 1-2. Defendants Molly Dwyer, Peter Shaw, Edward Schiffer, Sidney Thomas, and George King removed the action under 28 U.S.C. §§ 1442(a)(1) and (3) because they are federal officers and judges. ECF No. 1.

Defendants Eric George, Ronald George, Alan Rothenberg, William Dato, Donald Miles, MidFirst Bank, and Charles Schwab (collectively, the moving defendants) filed motions to dismiss raising various arguments, including that this lawsuit is barred by the vexatious litigant orders, that this court lacks subject matter and personal jurisdiction, that the complaint fails to state a claim, that Schwab was not properly served, and that absolute judicial immunity bars the claims against Dato. ECF Nos. 5, 14, 16, 22, 25.

Dydzak responds that as the plaintiff, he can choose where to sue and Nevada is a proper venue because defendant Johnnie Rawlinson resides here. He asserts that Rawlinson was one member of an illegally constituted appellate panel presiding over an appeal in a case out of the

Northern District of California in which the moving defendants were parties, so the defendants have contacts with Nevada. He contends that subject matter jurisdiction exists because the complaint asserts violations of his federal civil rights. He also contends that the vexatious litigant orders are on appeal or were the product of fraud and therefore should not be enforced. According to Dydzak, Dato acted fraudulently and in the absence of jurisdiction, so he is not entitled to absolute judicial immunity. Finally, he asserts that he properly served Schwab.

I grant the motions to dismiss because this court lacks personal jurisdiction over the moving defendants. Additionally, Dydzak's claims against the moving defendants are barred by vexatious litigant orders and Dydzak has not sought pre-filing authorization.

# I. PERSONAL JURISDICTION

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1).

1    Personal jurisdiction over defendants may be based on general or specific jurisdiction.

2 "A court may assert general jurisdiction over defendants when their affiliations with the State are

3 so continuous and systematic as to render them essentially at home in the forum State."

4 *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (simplified).  By

5 contrast, specific jurisdiction may be exercised when the defendants have sufficient minimum

6 contacts with the forum state and the claims against them arise from those contacts. *Burger King*

7 *Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

8    The moving defendants are alleged to be California residents or entities, and there are no

9 allegations or evidence that they have continuous and systematic contacts with Nevada. ECF No.

10 1-2 at 3-5.  Consequently, there is no basis to exercise general jurisdiction over them, and

11 Dydzak does not assert that general personal jurisdiction applies.

12    The Ninth Circuit has established a three-prong test for analyzing a claim of specific

13 personal jurisdiction:

14    (1) The non-resident defendant must purposefully direct his activities or
      consummate some transaction with the forum or resident thereof; or perform
15    some act by which he purposefully avails himself of the privilege of conducting
      activities in the forum, thereby invoking the benefits and protections of its laws;
16    (2) the claim must be one which arises out of or relates to the defendant's forum-
      related activities; and
17    (3) the exercise of jurisdiction must comport with fair play and substantial justice,
      i.e. it must be reasonable.

18

19 *Schwarzenegger*, 374 F.3d at 802 (quotation omitted).  "The plaintiff bears the burden of

20 satisfying the first two prongs of the test." *Id.* at 802.  If he succeeds, the defendant then must

21 "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

22    In analyzing specific jurisdiction, the court "focuses on the relationship among the

23 defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)

3

1    (simplified).  That "relationship must arise out of contacts that the defendant himself creates with

2    the forum State." *Id.* at 284 (simplified).  It cannot be based on the "random, fortuitous, or

3    attenuated contacts" the defendant "makes by interacting with other persons affiliated with the

4    State." *Id.* at 286 (simplified).  The "defendant's suit-related conduct must create a substantial

5    connection with the forum State." *Id.* at 284.  Thus, the "analysis looks to the defendant's

6    contacts with the forum State itself, not the defendant's contacts with persons who reside there."

7    *Id.* at 285.

8        Dydzak contends that the defendants were parties to a case arising out of the Northern

9    District of California in which Rawlinson was one of the Ninth Circuit judges on the appellate

10   panel.  Judge Rawlinson is alleged to live in Nevada. ECF No. 1-2 at 3.  But the fact that

11   Rawlinson was randomly selected to sit as an appellate judge for that case and that she happens

12   to live in Nevada are not contacts the moving defendants created with Nevada.  And with no

13   allegations or evidence that the moving defendants engaged in acts directed at Nevada or

14   purposefully availed themselves of the privilege of conducting activities in Nevada, Dydzak's

15   claims against them do not arise out of or relate to the moving defendants' forum-related

16   activities because there are none.  Dydzak therefore has not made a prima facie showing of

17   personal jurisdiction over any of the moving defendants.

18       In his various responses, Dydzak did not request amendment or jurisdictional discovery,

19   and he offers no basis for suspecting that amendment or jurisdictional discovery would change

20   the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a

21   plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will

22   lead to relevant evidence).  And as discussed below, Dydzak's claims are barred by vexatious

23

1  litigant orders.  I therefore grant the moving defendants' motions to dismiss without leave to
2  amend or to conduct jurisdictional discovery.

3  **II.  VEXATIOUS LITIGANT ORDERS**

4         Dydzak is subject to multiple vexatious litigant orders.  As relevant here, Judge
5  Coughenour entered an order against Dydzak in the Central District of California declaring
6  Dydzak a vexatious litigant and prohibiting him "from initiating any further litigation in this or
7  any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on
8  his disbarment without the prior authorization from the presiding judge of the U.S. District Court
9  for the Central District of California." *Dydzak v. Cantil-Sakauye*, 2:11-cv-5560-JCC, ECF No.
10  35 (C.D. Cal. Sept. 25, 2012).  Dydzak also must "provide security in the amount of $5,000 for
11  each defendant against whom he seeks to proceed with Court authorization in the future." *Id.*
12  That order was affirmed on appeal. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No.
13  25.  The Ninth Circuit denied reconsideration and stated it would not entertain further motions in
14  that appeal. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 38.  The mandate issued
15  on August 21, 2015. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 40.  Despite that
16  appeal being closed, Dydzak continued to file numerous motions in the case for nearly a year.
17  *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. Nos. 39, 42-91.

18         Judge Chesney issued a separate vexatious litigant order in *Dydzak v. United States of*
19  *America* in the Northern District of California.  Judge Chesney also declared Dydzak a vexatious
20  litigant and prohibited Dydzak "from initiating any further litigation in this or any other federal
21  court raising any claim based on, arising out of, or related to his disbarment or alleging that
22  orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or
23  otherwise unlawful or illegitimate, without prior authorization from the federal court in which he

5

seeks to initiate such litigation." *Dydzak v. United States of Am.*, 3:17-cv-04360-MMC, ECF No. 61 (N.D. Cal. March 19, 2018).  Judge Chesney also required $5,000 in security for each defendant that Dydzak seeks to sue. *Id.*  Dydzak appealed this order as well. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673.  Judge Rawlinson was a member of the appellate panel for that appeal. The appeal was dismissed for failure to prosecute. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. No. 24.  The Ninth Circuit stated that no further filings would be accepted, and the mandate issued. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. Nos. 24, 26.  Dydzak nevertheless again filed numerous motions in the closed appeal. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. Nos. 25, 27-33.

Although Dydzak filed this lawsuit in Nevada state court, he has not sought pre-filing authorization after some of the federal defendants removed the case to this court.  Dydzak should not be able to evade the vexatious litigant orders by filing suit in state court and awaiting the inevitable removal of the action to federal court. *See, e.g.*, *Whitehead v. Twentieth Century Fox Film Corp.*, No. CIV.A. 05-1462 GK, 2005 WL 3275905, at *3 (D.D.C. Aug. 29, 2005) (declining to allow a vexatious litigant to "circumvent" a pre-filing authorization order by filing in state court, which the defendants then removed to federal court); *Sassower v. Abrams*, 833 F. Supp. 253, 266 (S.D.N.Y. 1993) (same).

Dydzak contends that his claims do not fall within the parameters of the orders but instead they allege the defendants engaged in *ex parte* communications "to affect the outcome of the California Supreme Court Case No. S179850." ECF No. 1-2 at 9.  That case is Dydzak's disbarment proceeding. *See* ECF No. 5-1 at 114-18.  Dydzak also alleges that another defendant had improper *ex parte* communications with Dato to cause Dato to place Dydzak on the vexatious litigant list in California state court. ECF No. 1-2 at 9; *see also Dydzak v. United*

1   *States*, No. 17-CV-04360-EMC, 2017 WL 4922450, at *1 n.2 (N.D. Cal. Oct. 31, 2017)

2   (describing the case that resulted in Dato's order as "involv[ing] similar allegations" to Dydzak's

3   other cases). Dydzak thus is alleging that an order entered in one of his previously filed lawsuits

4   related to his disbarment was rigged, fixed, or otherwise unlawful or illegitimate.

5       Finally, Dydzak asserts that I should not enforce the vexatious litigant orders because

6   they are not final. Dydzak is wrong, both factually and legally. As set forth above, the appeals

7   have been resolved. The fact that Dydzak filed numerous motions after the mandates issued does

8   not mean the appeals remain pending. And Dydzak is incorrect that a party is free to ignore a

9   court's ruling until it is finalized on appeal. *See United States v. United Mine Workers of Am.*,

10  330 U.S. 258, 293 (1947) (stating that "an order issued by a court with jurisdiction over the

11  subject matter and person must be obeyed by the parties until it is reversed by orderly and proper

12  proceedings"). As the Supreme Court has explained:

13          [It is a] basic proposition that all orders and judgments of courts must be complied
            with promptly. If a person to whom a court directs an order believes that order is
14          incorrect the remedy is to appeal, but, absent a stay, he must comply promptly
            with the order pending appeal. Persons who make private determinations of the
15          law and refuse to obey an order generally risk criminal contempt even if the order
            is ultimately ruled incorrect.
16

17  *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Consequently, even if Dydzak were correct that

18  the appeals were not final, the vexatious litigant orders have not been overturned and Dydzak

19  therefore must comply with them. Because he has not done so, I grant the moving defendants'

20  motions to dismiss.

21  **III. CONCLUSION**

22      I THEREFORE ORDER that defendants Eric George, Ronald George, and Alan

23  Rothenberg's motion to dismiss **(ECF No. 5) is GRANTED**.

I FURTHER ORDER that defendant William Dato's motion to dismiss **(ECF No. 14) is GRANTED**.

I FURTHER ORDER that defendant Donald Miles' motion to dismiss **(ECF No. 16) is GRANTED**.

I FURTHER ORDER that defendant MidFirst Bank's motion to dismiss **(ECF No. 22) is GRANTED**.

I FURTHER ORDER that defendant Charles Schwab's motion to dismiss **(ECF No. 25) is GRANTED**.

DATED this 7th day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE