UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DAVID DYDZAK, | Case No.: 2:22-cv-01008-APG-VCF |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 46] |
| TANI CANTIL-SAKAUYE, et al., | |
| Defendants | |

Daniel Dydzak sues numerous defendants for various claims related to his disbarment as a California attorney and the subsequent lawsuits he has pursued in California state and federal courts. The parties are familiar with the facts, so I repeat them here only as necessary to resolve the pending motion. Defendants William Canby, Ferdinand Fernandez, William Fletcher, Ronald Gould, Johnnie Rawlinson, Barry Silverman, Richard Tallman, Sidney Thomas, Kim Wardlaw, Maxine Chesney, Molly Dwyer, George King, Edward Schiffer, and Peter Shaw filed a motion to dismiss, joined by defendant A. Wallace Tashima (collectively, the "moving defendants"). ECF Nos. 46; 81. They raise various arguments, including that this court lacks personal jurisdiction over all but one defendant; that the pending claims are precluded, time-barred, not cognizable, or barred by vexatious litigant orders; that they have judicial or quasi-judicial immunity; and that this court lacks subject matter jurisdiction to provide the requested relief. ECF No. 46.

Dydzak responds that these claims have never been litigated on the merits, they are not time-barred because he is experiencing ongoing harm, and that Nevada is a proper venue because the defendants committed torts against him having foreseeable consequences in Nevada. ECF No. 87. He contends that subject matter jurisdiction exists because the complaint asserts

violations of his federal civil rights. He also contends that judicial immunity is inapplicable because he is not seeking damages against some of the defendants and "[p]ersons can be sued when they act unreasonably." *Id.* at 7.

I grant the motion to dismiss. This court lacks personal jurisdiction over all the moving defendants except for Judge Rawlinson, and Dydzak's claims against Judge Rawlinson are barred by both the vexatious litigant orders and judicial immunity.

## I. PERSONAL JURISDICTION

I previously set out the law governing personal jurisdiction in my order dismissing several other defendants. ECF No. 80. The same jurisdictional defects discussed there require me to dismiss the complaint as to all defendants except Judge Rawlinson. Dydzak has not met his burden of demonstrating that this court has personal jurisdiction over the other moving defendants.

The complaint alleges that, except for Judge Rawlinson, all the moving defendants reside in Arizona, California, Montana, or Washington. ECF No. 1-2 at 3-6. Dydzak does not allege that the moving defendants have continuous and systematic contacts with Nevada sufficient to establish general jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Rather, he alleges the defendants have sufficient minimum contacts with Nevada for specific jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); ECF No. 87 at 4-5. Judge Rawlinson was one of the Ninth Circuit judges on the appellate panel considering Dydzak's appeal of a vexatious litigant order out of the Northern District of California. Dydzak therefore contends this court has jurisdiction over all the moving defendants. But as I said in my prior order, the fact that Judge Rawlinson was randomly selected to sit as an appellate judge for that case and that she happens to live in Nevada are not contacts the other

moving defendants created with Nevada. The "defendant's suit-related conduct must create a substantial connection with the forum State" and cannot be based on the "random, fortuitous, or attenuated contacts" the defendant "makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 284, 286 (2014) (simplified). Because there are no allegations that the moving defendants, aside from Judge Rawlinson, engaged in acts directed at Nevada or purposefully availed themselves of the privilege of conducting activities in Nevada, Dydzak has not made a prima facie showing of personal jurisdiction. Furthermore, Dydzak has not requested jurisdictional discovery, and he offers no basis for suspecting that amendment or jurisdictional discovery would change the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). I therefore dismiss all the moving defendants except for Judge Rawlinson for lack of personal jurisdiction, without leave to amend or to conduct jurisdictional discovery. Because this dismissal is not based on the merits of Dydzak's claims, it is without prejudice.

## II. VEXATIOUS LITIGANT ORDERS & JUDICIAL IMMUNITY

Dydzak's only remaining claim against Judge Rawlinson alleges she violated his civil rights by failing to rule on pending motions in his appeal. ECF No. 1-2 at 11-13. That claim is barred by both the vexatious litigant orders and by judicial immunity.

As discussed in my previous order, Dydzak is subject to multiple vexatious litigant orders. ECF No. 80. He is prohibited from initiating any further litigation in federal court "raising any claim based on, arising out of, or related to his disbarment[,] or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate" without prior authorization. Order at 3, *Dydzak v. United States*, No. 3:17-cv-04360-MMC (N.D. Cal. March 19, 2018), ECF No. 61. Judge Rawlinson was one member of the appellate panel in Dydzak's appeal of the vexatious litigant order out of the

Northern District of California. ECF No.1-2 at 11-12.  Dydzak continued to file several motions after that appeal was dismissed for failure to prosecute, and he contends Judge Rawlinson violated his civil rights because she did not rule on his motions in the closed appeal.  But by continuing to litigate the closed appeal, Dydzak is alleging that an order—here, the final vexatious litigant order—entered in a lawsuit previously filed by him related to his disbarment was rigged, fixed, or otherwise unlawful or illegitimate.  Furthermore, although Dydzak filed this lawsuit in Nevada state court, he did not seek pre-filing authorization and should not be able to evade the vexatious litigant orders by awaiting the inevitable removal of the action to federal court.

Dydzak's claims are also barred by judicial immunity.  Judges are entitled to absolute immunity from suit when performing judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Judicial acts are those within the "normal judicial function" and are distinguished from "the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 900 (2022) (quotation omitted).  Absolute immunity attaches to judicial acts even if the acts are done maliciously, in bad faith, or involve grave procedural errors. *Stump*, 435 U.S. at 359; *Mirales v. Waco*, 502 U.S. 9, 11 (1991).  But "a judge is not immune from liability for nonjudicial actions," or "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021) (quotation omitted).

Dydzak claims that Judge Rawlinson violated his civil rights when she did not rule on motions in his closed appeal.  But declining to rule on a motion in a closed case is squarely within the normal judicial function.  Dydzak contends that because he is not seeking damages against Judge Rawlinson, judicial immunity is inapplicable. ECF No. 87 at 7.  However, judicial

immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Mullis v. U.S. Bankr. Ct. for D. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (superseded on other grounds by 1996 amendment to 42 U.S.C. § 1983). Thus, Judge Rawlinson has absolute judicial immunity against Dydzak's claim for equitable relief and she is entitled to judgment on the merits. Because Dydzak's claim against Judge Rawlinson is barred by both the vexatious litigant orders and judicial immunity, I grant the motion to dismiss Judge Rawlinson with prejudice.

### III. CONCLUSION

I THEREFORE ORDER that the motion to dismiss defendants William Canby, Ferdinand Fernandez, William Fletcher, Ronald Gould, Barry Silverman, Richard Tallman, Sidney Thomas, Kim Wardlaw, Maxine Chesney, Molly Dwyer, George King, Edward Schiffer, Peter Shaw, and A. Wallace Tashima **(ECF Nos. 46; 81) is GRANTED**. These defendants are dismissed without prejudice and without leave to amend or to conduct jurisdictional discovery.

I FURTHER ORDER that the motion to dismiss defendant Johnnie Rawlinson is **GRANTED** with prejudice. The clerk of the court is instructed to enter judgment in favor of defendant Johnnie Rawlinson and against plaintiff Daniel Dydzak.

Because there are no outstanding claims or parties, the clerk of the court is instructed to close this case.

DATED this 17th day of April, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE