UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>    Plaintiff<br><br>v.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>    Defendants | Case No.: 2:22-cv-01008-APG-VCF<br><br>**Order Directing Entry of Judgment** |

Plaintiff Daniel Dydzak has made several unauthorized ex parte phone calls to chambers. *See* LR IA 7-2.  For the defendants' edification, Dydzak has been requesting that I enter judgment on the defendants who were dismissed without prejudice.  Although repeated ex parte phone calls to chambers is not the proper way to request relief (rather, Dydzak should have filed a motion), I grant his request.

I THEREFORE ORDER the clerk of court to enter judgment as follows:

Defendants Tani G. Cantil-Sakauye and Jorge Navarette are dismissed without prejudice for lack of subject matter jurisdiction and lack of personal jurisdiction.[1]

Defendants Eric George, Ronald George, Alan Rothenberg, William Dato, Donald Miles, MidFirst Bank, Charles Schwab, William Canby, Ferdinand Fernandez, William Fletcher, Ronald Gould, Barry Silverman, Richard Tallman, Sidney Thomas, Kim Wardlaw, Maxine Chesney, Molly Dwyer, George King, Edward Schiffer, Peter Shaw, and A. Wallace Tashima

---

[1] Prior to this case being removed to federal court, the state court entered an order dismissing Cantil-Sakauye and Navarette for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim. ECF No. 1-3.  Because the court cannot reach the merits if it lacks subject matter or personal jurisdiction, I enter judgment only on the threshold issues of subject matter and personal jurisdiction. *See Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 861 (9th Cir. 2021).

are dismissed without prejudice for lack of personal jurisdiction. Defendant Thomas Layton is dismissed without prejudice for failure to timely serve.

DATED this 4th day of August, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE